IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATIONWIDE MUTUAL
INSURANCE COMPANY,

     Plaintiff,                         No. 2:11-cv-1297 KJM KJN

  v.

SUNBEAM PRODUCTS, INC.,

     Defendant.                   <u>ORDER</u>
_____/

        Presently before the court is plaintiff's motion to compel depositions of expert witnesses. (Dkt. No. 34.) Plaintiff filed the motion on February 13, 2013, and re-noticed it pursuant to court order on February 21, 2013. (Dkt. Nos. 32, 34.)

        Plaintiff's pending motion is not styled solely as a "motion to compel;" it also seeks relief from the assigned United States District Judge's Scheduling Order, which imposed discovery deadlines that have already passed. (<u>Id.</u>) The undersigned cannot grant or deny the requested relief from the operative Scheduling Order, however, because he cannot modify another judge's order. Further, modification of the District Judge's operative Scheduling Order is a condition precedent to the undersigned's ability to address the merits of the pending Motion to Compel. Therefore, the undersigned denies the motion to compel without prejudice.

////

1    By way of background, the District Judge's original Scheduling Order previously required all expert discovery to be completed by September 25, 2012. (Dkt. Nos. 6, 24 (modifying original schedule pursuant to parties' stipulation).) According to that Scheduling Order, "completed" means that "all discovery shall have been conducted so that all depositions have been taken *and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed*." (Dkt. No. 6 at 2 (emphasis added).)

Previously in this matter, the undersigned denied a different motion to compel (Dkt. No. 27) without prejudice because the motion was filed outside the permissible time period stated in the Scheduling Order. (Order, Dkt. No. 29.) Thereafter, the parties jointly stipulated to continue discovery dates and filed a proposed order with the District Judge. (Dkt. No. 30.) The District Judge thereafter modified her Scheduling Order a second time. (Dkt. No. 31 ("In light of the parties' stipulation to continue (Dkt. No. 30), the court ORDERS the case schedule MODIFIED as follows: Expert discovery shall be completed by 11/30/2012 . . . ." (Dkt. No. 31 (modifying Dkt. Nos. 6, 24).)

Plaintiff's pending Motion to Compel was filed on February 13, 2013, and plaintiff re-noticed it pursuant to court order on February 21, 2013. (Dkt. Nos. 32, 34.) Both of these dates are outside the relevant discovery period set in the District Judge's operative Scheduling Order. (Dkt. No. 31 (providing an expert discovery completion date of November 30, 2012; modifying Dkt. Nos. 6, 24).)

Given that it was filed after closure of the expert discovery period, plaintiff's pending motion to compel violates the terms of the Scheduling Order and the undersigned cannot make any determination as to the merits of the discovery dispute prompting the motion. Even assuming *arguendo* that plaintiff's position has merit, the undersigned cannot presently grant the relief requested; to do so would be inconsistent with the expert discovery deadline set by the District Judge. Before the undersigned can entertain a properly-noticed motion to compel expert

2

depositions, plaintiff must *first* ask the District Judge to modify her Scheduling Order and extend the deadline for expert discovery.  To seek such an extension, plaintiff must notice and file a motion before the District Judge to seek relief from the Scheduling Order and make a showing of "good cause" under Federal Rule of Civil Procedure 16(b)(4).  In other words, the undersigned can address the merits of plaintiff's motion to compel *only after* the District Judge has found good cause to extend the expert discovery deadline yet again.

        Although plaintiff's motion reveals that plaintiff's counsel apparently knew weeks in advance of the November 30th deadline that defendant had no intention of producing two experts for deposition and nonetheless inexplicably failed to move to compel those depositions before the deadline, the undersigned takes no position as to whether the requisite "good cause" supports extending the expert discovery deadline in this case.[1]  Accordingly, the parties' filing of any motion to compel discovery should await resolution of any motion seeking relief from the Scheduling Order.

        Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's motion to compel expert depositions (Dkt. No. 34) is denied without prejudice given that it was filed in February of 2013, after the closure of expert discovery in this case.  (Dkt. No.

////
////
////
////

---

[1] According to plaintiff's motion, "On October 3, 2012, Plaintiff noticed the depositions of [the two experts] for November 5, 2012 in order to make sure that the depositions took place prior to the discovery cut-off of November 30, 2012."  (Dkt. No. 34-1 at 4.)  Also according to plaintiff's pending motion, "Defendant responded *on November 1, 2012* to Plaintiff's inquiries *that it would not be producing [the two experts]* as they had previously been deposed."  (Dkt. No. 34-1 at 5 (emphasis added).)  While plaintiff indicates that it attempted to meet and confer with defendant on this issue through "November 7, 2012" (id.), plaintiff offers no explanation as to why it did not timely move to compel the depositions prior to the deadline of November 30, 2012.

1  31 (providing that "expert discovery shall be completed by 11/30/2012" and modifying prior
2  deadlines at Dkt. Nos. 6, 24).)
3        IT IS SO ORDERED.
4  DATED: February 21, 2013

                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE